```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
RICKY LAND,                         :
                                    :  07 Civ. 8070 (GEL)(THK)
                      Plaintiff,    :
                                    :       (Pro Se)
        -against-                   :
                                    :         Order
                                    :
D. KAUFMAN and M.J. MILLER          :
                                    :
                      Defendants.   :
                                    :
------------------------------------X
```

**THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE**

This case was referred to this Court for general pretrial supervision. Plaintiff, who is a New York State prisoner, alleges that he was assaulted by corrections officers at Green Haven Correctional Facility, on June 3, 2005. Presently before the Court is Plaintiff's Application for Appointment of Counsel. For the reasons set forth below, Plaintiff's application for appointment of counsel is denied.

Civil litigants, unlike criminal defendants, do not have a constitutional right to the appointment of counsel. See Palmer v. New York State Dep't of Corrections, No. 06 Civ. 2873 (PAC), 2007 WL 840305 at *1 (S.D.N.Y. March 16, 2007); Mackey v. DiCaprio, 312 F. Supp. 2d 580, 581 (S.D.N.Y. 2004). However, under 28 U.S.C. § 1915(e)(1), a court may appoint pro bono counsel to plaintiffs in civil cases. District courts exercise substantial discretion in deciding whether to appoint counsel. See Cooper v. A. Sargenti

COPIES MAILED TO COUNSEL OF RECORD ON 2/8/08

Co., Inc., 877 F.2d 170, 171-72 (2d Cir. 1989). In deciding whether to appoint counsel, a judge must first determine whether the indigent plaintiff's position seems likely to be of substance or he has made "a threshold showing of some likelihood of merit." Hendricks v. Coughlin, 114 F.3d 390, 391 (2d Cir. 1997) (quoting Cooper, 877 F.2d at 174); see also Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994) ("[T]he threshold requirement in considering a request for appointment of counsel [is] the likelihood of success on the merits of the claim.") (citing Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986)). "Only after an initial finding that a claim is likely one of substance, [should courts] consider secondary factors such as the factual and legal complexity of the case, the ability of the litigant to navigate the legal minefield unassisted, and any other reason why in the particular case appointment of counsel would more probably lead to a just resolution of the dispute." Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001)(citing Hodge, 802 F.2d at 61-62).

Applying these factors to the Complaint, the Court concludes that this action does not merit the appointment of counsel at this stage in the litigation.

Plaintiff is alleging that after being frisked by officers, he was pushed into his cell onto his bed, and, without cause or provocation, held down, and assaulted. (See Complaint, at 3A.) He

2

then alleges he escaped from his cell, was caught, tackled, and punched in his face and upper body until other officers arrived on the scene. (See id.) He then alleges that he was marched to the Special Housing Unit and, along the way, was further assaulted by officers not named in his Complaint. (See id.) Plaintiff sustained minor injuries.

While Plaintiff's Complaint states a colorable claim of excessive use of force in violation of the Eighth Amendment, it appears that at least some of his injuries were sustained after he attempted to flee his cell. This fact, combined with the fact that Plaintiff suffered only minor injuries, leads the Court to conclude that the likelihood of success on the merits is questionable. (This is not intended to suggest, however, that the use of excessive force in these circumstances would be lawful.) Furthermore, the claim is not factually or legally complex. It has been investigated by the Inspector General of the New York State Department of Correctional Services, and, according to the parties, has been well documented.[1] Accordingly, Plaintiff's application for appointment of counsel is denied. This denial is without prejudice to renew the application after the resolution of dispositive motions.

---

[1] During a conference held with the Court on February 6, 2008, the parties indicated that most of the documentary evidence was available and had been exchanged, with the only fact discovery remaining being the deposition of Plaintiff.

3

SO ORDERED.

_____
THEODORE H. KATZ
United States Magistrate Judge

Dated: February 8, 2008
       New York, New York

Copies Sent to:

Ricky Land
01-A-4403
Clinton Correctional Facility
P.O. Box 2002
Dannemora, NY 12929

Donald Nowve, Esq.
Assistant Attorney General
120 Broadway
New York, New York 10271